STAFFORD, Keith, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45S04–9906–PC–327.

Supreme Court of Indiana.

June 7, 1999.

Susan K. Carpenter, Public Defender of Indiana, William D. Polansky, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

On Petition To Transfer

PER CURIAM

After a jury trial, petitioner was convicted of attempted criminal confinement and was sentenced to a term of twelve years. The Court of Appeals affirmed that judgment in an unpublished memorandum decision. *Stafford v. State,* 625 N.E.2d 507 (Ind.Ct.App. 1993). Petitioner then sought post-conviction relief, the denial of which forms the subject matter of this appeal.

The Court of Appeals affirmed the denial of petitioner's request for post-conviction relief in an unpublished memorandum decision issued December 23, 1998. Rehearing was denied on March 26, 1999. This matter comes before the Court pursuant to a petition to transfer filed in accordance with Appellate Rule 11(B).

At trial, petitioner was found to have threatened a female victim with a handgun in an attempt to force her into an automobile he was driving. In the post-conviction proceeding, petitioner sought to prove his trial counsel was ineffective in defending him against this charge. Petitioner's trial counsel called no witnesses for the defense. Petitioner was convicted on the strength of the eye-witness identification by the victim, despite alleged discrepancies in the pre-trial descriptions she had given of her assailant.

In the post-conviction proceeding, petitioner put on evidence regarding his physical appearance at the time of the offense, evidence of his lack of a license to operate a car, and evidence that he in fact did not know how to operate a car. Petitioner also elicited the testimony of an expert regarding the reliability of eye-witness testimony. Peti-

tioner's post-conviction claims were that his trial counsel was ineffective for not putting on this evidence in the original trial, and that his separate appellate counsel was ineffective in failing to raise the issue of trial counsel's alleged ineffectiveness.

The post-conviction court concluded that petitioner's appellate counsel was not ineffective. However, the post-conviction court found the issue of the effectiveness of petitioner's trial counsel to be waived because the issue was not presented in the initial appeal of the conviction. This aspect of the ineffective assistance of counsel claim was therefore not addressed on the merits by the post-conviction court.

Subsequent to the entry of judgment by the post-conviction court, we clarified this area of law in *Woods v. State,* 701 N.E.2d 1208 (Ind.1998) (claims of ineffective assistance of counsel can be raised on direct appeal or during a post-conviction proceeding). The Court of Appeals noted the import of *Woods,* and correctly determined that petitioner's claim of ineffective assistance of counsel had not been waived.

However, instead of remanding to the post-conviction court for reconsideration in light of the finding that the ineffective assistance claim had not been waived, the Court of Appeals reviewed the actual merits of the claim, at least in part. The Court of Appeals disagreed with petitioner's contention that his trial counsel was ineffective in failing to present expert testimony on the subject of eye-witness identification. Pursuant to Appellate Rule 11(B)(3), we summarily affirm that part of the decision of the Court of Appeals.

However, the Court of Appeals did not squarely address the merits of petitioner's claim of ineffective assistance of counsel based upon the failure to present evidence concerning petitioner's appearance at the time of the offense, his asserted inability to drive, and his lack of a driver's license. Thus, because the post-conviction court found the issue waived, this claim has not been reviewed by any court.

Based on the totality of the circumstances of this case—the nature of the single-witness

identification testimony and the failure of any court to review the merits of a potentially significant aspect of the ineffective assistance claim—the intervention of this Court is warranted. We grant transfer and remand to the post-conviction court for a review on the merits of petitioner's ineffective assistance of counsel claim.

All Justices concur.